In the Matter of the Claim of JAMES H. BAKER, Respondent, against TOWN of AURORA et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by the employer and carrier from an award of the Workmen's Compensation Board on the sole ground that the board erred as a matter of law in the method adopted for computing claimant's average weekly wage rate. Claimant was regularly employed as a policeman by the Village of East Aurora, New York. During the same time he was also employed as dog warden by the Town of Aurora on a fee basis. During most of the year his duties as dog warden were only occasional in seizing and destroying dogs, but during the month of December he worked six days per week as dog enumerator, and for the month of December, 1953, he was paid $391.25 for that work, although his total earnings for the year as dog warden were only $630.25. He was injured in a fall on December 29, 1953, in the course of his employment as dog enumerator, resulting in a schedule award for a 35% loss of use of the left arm. The board computed the wage rate under subdivision 3 of section 14 of the Workmen's Compensation Law, by taking the average daily wage of $14.95 earned during December, 1953, multiplied by 200 and dividing the product by 52, resulting in an average weekly wage which exceeded the maximum of $32 per week, for which the award was made. The evidence reasonably supports the determination of the board that claimant was not an employee who worked in the same employment "substantially the whole of the year immediately preceding his injury" under subdivision 1 of section 14, and that his annual wages could not be determined by taking the earnings of an "employee of the same class working substantially the whole of such immediately preceding year in the same or similar employment" under subdivision 2. It is provided in subdivision 3 that if such methods "cannot reasonably and fairly be applied" the formula used by the board is authorized. Under the unusual circumstances presented here, the statute authorizes the method adopted. (*Matter of Franz* v. *Gluck*, 275 App. Div. 976; *Matter of Terry* v. *City of Glens Falls*, 2 A D 2d 625.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.